IN THE __CIRCUIT__ COURT OF THE __FIRST__ JUDICIAL DISTRICT
OF HINDS, COUNTY, MISSISSIPPI

__JOHNSON CHARLES__ _____    PLAINTIFF

VS.                                            NO. __251-12-000609-CIV__

__LEWIS TYRONE SHERIFF ET AL__ _____    DEFENDANT


       I, BARBARA DUNN, CIRCUIT CLERK, OF THE CIRCUIT COURT
IN AND FOR THE SAID STATE AND COUNTY DO HEREBY CERTIFY THAT
THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL THE PAPERS
FILED IN THIS OFFICE IN THE ABOVE STYLED AND NUMBERED CAUSE,
AS OF THIS DATE THE SAME IS OF RECORD IN THIS OFFICE IN DOCKET
BOOK NO. __12__ PAGE NO. ____609__ TO WIT:

       GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS THE ___9TH__
DAY OF __AUGUST__, __2012__.


                  **BARBARA DUNN, CIRCUIT CLERK**
                  HINDS COUNTY, MISSISSIPPI

                  BY _____ D.C.

**EXHIBIT**

A

CCKCTF1

**FILED**

JUL 24 2012
BARBARA DUNN, CIRCUIT CLERK
BY_____ D.C.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
## HINDS COUNTY, MISSISSIPPI

**CHARLES JOHNSON**                                      **PLAINTIFF**

**v.**                                   CIVIL ACTION NO.: _251-12-609CIV_

**TYRONE LEWIS, SHERIFF, IN HIS OFFICIAL
CAPACITY (as successor to MALCOLM MCMILLIN,
SHERIFF); HINDS COUNTY, MISSISSIPPI (HINDS
COUNTY SHERIFF DEPARTMENT); AND DOE
DEFENDANTS 1-5.**

                                                       **DEFENDANTS**

---

## COMPLAINT

---

COMES NOW the Plaintiff, Charles Johnson, (hereinafter "Plaintiff") by and through counsel and pursuant to the laws of the State of Mississippi and the Mississippi Rules of Civil Procedure, and files this Complaint against Defendants Tyrone Lewis, Sheriff, in his official capacity (as successor to Malcom McMilliin, Sheriff); Hinds County, Mississippi (Hinds County Sheriff's Department); and Doe Defendants 1-5 (hereinafter collectively "Defendants").  In support thereof, Plaintiff would respectfully show unto this Honorable Court the following, to-wit:

### I.

### JURISDICTION AND VENUE

1.      This Honorable Court has jurisdiction and venue over the parties and this cause of action.

2.      Venue is properly established before this Court based upon Mississippi Code Annotated § 11-11-3 (1)(a)(i) (Amended 2006).  Pursuant to the statute, venue is

proper because the present action has been instituted where at least one of the individual defendants resides and/or where the acts and omissions complained of occurred.

3.     On or about January 5, 2012, the Plaintiff, by and through their undersigned counsel, caused to be filed and delivered by certified U.S. mail to each and every Defendant a notice of claim letter regarding the act(s) and/or omission(s) set forth herein.  Miss. Code Ann. § 11-46-11 (2006).  A copy of said letter is incorporate herein by referenced and attached as "Exhibit A."

## II.

## PARTIES

4.     Plaintiff Charles Johnson is an adult resident citizen of Hinds County, Mississippi who is currently in the custody of the Mississippi Department of Corrections.

5.     Defendant Tyrone Lewis, Sheriff is an adult resident citizen of Hinds County, Mississippi and may be served with process at Hinds County Sheriff's Department at 407 E. Pascagoula Street, Jackson, MS 39215.

6.     Defendant Hinds County, Mississippi (Hinds County Sheriff's Department) is a unit of government authorized under and by virtue of the laws of the State of Mississippi.  Hinds County, Mississippi may be served with process through the Hinds County Board of Supervisors.

7.     Doe Defendants 1-5 are the other as-yet unidentified individuals who were employed by or agents of the named Defendants herein and who participated in the acts giving rise to the causes of action contained herein.  Plaintiff have investigated the identity of said individuals, but are currently unable to identify said persons without discovery.

## III.

## <u>FACTS</u>

8.     After being accused of crimes[1], on February 16, 2011, Mr. Johnson voluntarily surrendered himself to the Hinds County Sheriff's Department.  At that time, the Deputy "assured him of his safety."

9.     At some point, after Mr. Johnson arrived at the Hinds County Sheriff's Department and was in custody, Hinds County deputies/officers brutally beat him.

10.     While Mr. Johnson was being beaten, other Hinds County's Sheriff Department deputies/officers failed to take any action to stop the brutal beating, whatsover.

11.      Rather, the Hinds County Sheriff's Department's deputies/officers mocked Mr. Johnson by, among other things, taking photographs of him, while he was unconscious. See, Exhibit "B."

12.     Defendants collectively owed a duty of care to the Plaintiff, to act as reasonable prudent officers of the law would have acted under the same or similar circumstances.

13.     Defendants owed a duty to keep Mr. Johnson safe, while in custody, and to prevent officers or deputies from beating him.

14.     Defendants' actions breached the duty of care to the Plaintiff, and were the sole, proximate cause of the damages sustained by the Plaintiff.

15.     As a direct and proximate result of the collective negligence and breach of duties of care of the Defendants, Plaintiff was deprived of various constitutional rights.

---

[1] Mr. Johnson was acquitted of murder and armed robbery on November 18, 2011.  However, Mr. Johnson was convicted of "felon in possession of a firearm."

3

## IV.

## CLAIMS FOR RELIEF

## COUNT I - NEGLIGENCE

16.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

17.     At the time and on the occasion in question, Defendants, individually, jointly, and severally, possessed a duty of ordinary care while acting as officers of the law. Specifically, Defendants possessed the duty to keep Mr. Johnson reasonably safe, to avoid reasonable harm to Mr. Johnson, and to act as a reasonable prudent officer would have acted under the same or similar circumstances.

18.     The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendants, individually, jointly, and severally, resulted in the Plaintiff' damages.

## COUNT II - GROSS NEGLIGENCE

19.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

20.     The actions of the Defendants, individually, jointly, and severally, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.

21.     Defendants had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Plaintiff herein

and as such constitutes gross negligence (malice) as the term is defined under Mississippi law.  As a result, Plaintiff are entitled to the recovery of punitive damages.

22.     At the time and on the occasion in question, Doe Defendants 1-5 were individuals whose identities are currently unknown to the Plaintiff.  Upon information and belief these unknown individuals, in addition to the named Defendants, were present at the scene where the Plaintiff were injured, or were a contributing cause of the incident and the resulting damages to the Plaintiff, or were engaged and/or had been engaged in operations at the scene of the incident described herein, which otherwise caused and/or contributed to the incident.

23.     The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of the Defendants resulted in the Plaintiff's damages.

**COUNT III -**

**NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL**

24.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

25.     At the time and on the occasion in question, Defendants were negligent in hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s), who brutally beat Plaintiff.

26.     Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, particularly regarding matters involving excessive force. Defendants breached that duty in the following respects, among others:

(a)     failing to adequately inquire into the competence, employment history and criminal background of employees, agents or servants;

(b)     failing to adequately train employees, agents or servants;

(c)     failing to properly supervise employees, agents or servants;

(d)     failing to comply with laws, rules, statutes, standards and regulations regarding searches of private residences and seizures of person, and;

(e)     other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiff's damages.

### COUNT IV - RES IPSA LOQUITUR

27.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

28.     At all pertinent times, Defendants collectively were in sole and complete control of Mr. Johnson and the personnel who has a duty to protect him.   Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and measures were in place to avoid the resulting damages.

29.     Defendants were presented with an available opportunity to avoid the resulting incident.  Defendants, however, failed to exercise such control over their personnel to prevent the Plaintiff' damages.

6

30.     The duty of care owed to the Plaintiff was therefore breached by the Defendants.

31.     The manner of damage to Plaintiff's person is the type of event that does not ordinarily occur in the absence of negligence.

32.     The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case.  The mere occurrence of this incident and the resulting injuries, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

33.     The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiff.

## COUNT V - CONSPIRACY

34.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

35.     Defendants took the above-described acts in concert and in furtherance of a conspiracy to commit the wrongs complained of herein.

36.     As a proximate result of the acts in concert by Defendants, Plaintiff has been damaged.

## COUNT VI - VIOLATION OF CIVIL RIGHTS PURSUANT TO
### TITLE 42 U.S.C. §1983
#### (General Allegations)

37.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

38.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Constitution of the United States.

39.     At all times material hereto, Defendants were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

40.     Consequently, while acting under the color of the law, Defendants commenced to implement a custom, usage of procedure wherein the rights, privileges, or immunities of Charles Johnson were violated.  Specifically, the Defendants jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and excessive force against Plaintiff, thus, causing him certain injuries.  As a direct and proximate consequence of the Defendants' actions, Plaintiff was deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

41.     More specifically, Plaintiff had the Eighth Amendment right to be free from cruel and unusual punishment violated while in the custody of Defendants through the Defendants' use of unreasonable, unnecessary and excessive force causing Plaintiff to sustain certain injuries.  Furthermore, Plaintiff's Fifth and Fourth Amendment Rights to substantive due process and equal protection of the laws were violated as a result of the Defendant's conduct.  The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, deprivation of identifiable rights, i.e, life, liberty, and/or the unnecessary and wanton infliction of pain and inhumane torture.

42.     In light of the circumstances confronted by Defendants, a deprivation of rights resulted that was sufficiently serious wherein the Defendants acted maliciously and sadistically by using force and physical violence designed and intended to cause Charles Johnson physical, mental, and emotional harm, pain, humiliation, and/or injury. Defendants' conduct evidences a deliberate indifference to the immediate, grave, and serious condition Mr. Johnson was left in.

43.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

44.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT VII - VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

45.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

46.     Defendants implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Hinds County Sheriff's Department to brutally beat Mr. Johnson.

47.     The failure of Defendants to adequately train and supervise the deputies/officers amounts to a deliberate indifference to the rights of the Plaintiff to be free from illegal beatings, excessive force, among other things, under the Constitution of the United States.

48.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights.

## COUNT VIII - VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
### (Refusing or Neglecting to Prevent)

49.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

50.     At all times relevant to this Complaint, Deputies/Officers acted as agents of the Hinds County Sheriff Department and were acting under the direction and control of the Hinds County Sheriff Malcolm McMillian and the Hinds County Sheriff Department.

51.     Acting under color of law and pursuant to official policy or custom, Defendants knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant deputies/officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Mississippi; and

(c) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

52.        Defendants had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

53.        Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

54.        As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth above, Plaintiff suffered physical injury and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

## COUNT IX - THE COMMON LAW TORT OF OUTRAGE

55.        Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

56.        The Defendants' overall conduct on the date in question was so outrageous that it shocks the moral and legal conscience of the community. This outrageous conduct resulted in the Plaintiff's damages.  The manner, method and design of the Defendants conduct amounted to a cold, callous, premeditated abuse of legal authority.

57.        As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and

severally liable to the Plaintiff for such outrageous conduct.  Thus, Plaintiff is entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

### COUNT X - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58.     Plaintiff re-alleges and incorporatesherein the foregoing allegations of this Complaint as if set forth herein in their entirety.

59.     The act(s) and/or omission(s) of the Defendants on the day in question caused Plaintiff severe emotional distress, by and through their negligent conduct.

60.     The brutal beating was an awful, traumatic, and disturbing event, which has caused the Plaintiff to suffer serious emotional anguish.

61.     The act(s) and/or omission(s) of the Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law, and were each a proximate cause of damages and losses sustained by the Plaintiff.

### V.

### DAMAGES

62.     Plaintiff re-alleges and incorporatesherein the foregoing allegations of this Complaint as if set forth herein in their entirety.

63.     As a result of  the act(s) and/or omission(s) of these Defendants, Plaintiff seek recovery for certain non-economic damages which occurred as a result of the Defendants' negligent act(s) and/or omission(s); including, but not limited to: pain and suffering, severe mental pain, anguish, suffering, inconvenience, worry, emotional

distress, and others, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

64.     Plaintiff reserve the right to amend and state further with respect to their damages.

## VI.

## PUNITIVE DAMAGES

65.     Plaintiff re-alleges and incorporatesherein the foregoing allegations of this Complaint as if set forth herein in their entirety.

66.     Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiff, an award of punitive damages is appropriate and necessary under these facts.

## VII.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15

67.     Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiff reserve the right to name additional Defendants should later facts establish that others are liable herein.

## VIII.

## JURY TRIAL DEMANDED

68.     Plaintiff demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants attorney's fees and the above damages, including actual, economic, non-economic, compensatory,

exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and

for such other and further relief to which they may show themselves to be justly entitled.

Dated:  July 24, 2012

Respectfully submitted,

**CHARLES JOHNSON**

By: _____
Terris C. Harris

**Of Counsel:**

Dennis C. Sweet, III, MSB # 8105
Terris C. Harris, MSB # 99433
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, MS  39201
601-965-8700 Telephone
601-965-8719 Fax



158 East Pascagoula Street

Jackson, Mississippi 39201

Phone: 601.965.8700

Fax: 601.965.8719

Dennis C. Sweet III₁

Terris C. Harris, J.D., LL. M.₂

Thomas J. Belinder₃

Dennis C. Sweet IV₄

₁Licensed in Alabama, Mississippi & Washington D.C.

₂Licensed in Illinois and Mississippi

₃Licensed in Florida, Mississippi & Washington D.C.

₄Licensed in Mississippi Only

## SWEET & ASSOCIATES
### ATTORNEYS AT LAW

January 5, 2012

**VIA CERTIFIED U.S. MAIL**
Tyrone Lewis, Sheriff
Hinds County Sheriff Department
P. O. Box 1452
407 E. Pascagoula Street
Jackson, MS 39215-1452

Robert Graham, President
Hinds County Board of Supervisors
316 South President Street
Jackson, MS 39201

Eddie Jean Carr, Clerk
Hinds County Chancery Clerk's Office
316 South President Street
Jackson, MS 3920

Re:   **Charles Johnson's Notice of Claim**

To Whom It May Concern:

### Scope of Representation

Our firm has been retained by Mr. Charles Johnson to pursue claims against the Hinds County Sheriff Department, including their employees and agents whose names are not known at this time, Hinds County, Mississippi, including their employees and agents whose names are not known at this time, as well as other persons or entities responsible for the acts and/or omissions that led to injuries sustained by Mr. Charles Johnson ("Mr. Johnson").

This letter serves as an official notice of claim against Hinds County Sheriff Department and Hinds County, Mississippi including their employees and agents whose names are not known at this time.  Mr. Johnson intends to file a lawsuit in this matter pursuant to Miss. Code Ann. § 11-46-11, 42 U.S.C. §1983, any other applicable state or federal statute or constitutional provision.

www.sweetandassociates.net



EXHIBIT
4

Notice of Claim (Johnson)
January 5, 2012

---

### The Time and Place the Injury Occurred

This representation arises from incidents involving the arrest of Mr. Johnson on or about February 16, 2011. Mr. Johnson's injuries occurred while he was in the custody and control of the Hinds County Sheriff's Department in Raymond, MS.

### Residence of the Person Making the Claim at the Time of the Injury

Mr. Johnson is an adult resident citizen of Clinton, Hinds County, Mississippi.

### The Circumstances Which Brought About the Injury
### The Extent of the Injury
### The Names of All Persons Known to Be Involved

After being accused of several crimes, on or about February 16, 2011, Mr. Johnson voluntarily surrendered himself to the Hinds County Sheriff's Department. After interrogation and booking, while still in the custody and control of Hinds County Sheriff's Department, Mr. Johnson was brutally beaten. And, to add insult to injury, Hinds County Sheriff Department agents and/or employees mocked Mr. Johnson by, among other things, taking photographs of him, while he was unconscious. *See,* Exhibit "A."

Mr. Johnson suffered, among other things, lacerations, bruises, swelling, pain, suffering, emotional distress, humiliation and embarrassment.

At this time, Mr. Johnson is not sure of the names of all persons involved in the beating and/or mockery. However, Mr. Johnson intends to pursue claims against each and every officer or person who participated in the beating, mockery and/or attempted cover up.

### Types of Claims Likely to Be Made
### Amount of Money Damages Sought

Mr. Johnson intends to assert the following claims, including but not limited to: (i) negligence, (ii) gross negligence, (iii) violation of civil rights, and (iv) other possible claims under federal and/or state law. Claimants seek money damages in excess of the jurisdictional amount of the Circuit Courts of the State of Mississippi or the United States District Court for the Southern District of Mississippi for any and all recoverable damages they may be entitled to by law or that the court may deem appropriate. As of the date of this notice, Mr. Johnson seeks compensatory and punitive damages in excess of jurisdictional limits, plus attorneys' fees and costs from all Defendants.

Please refer all correspondence or communication to my office relating to this claim. Should you need additional information, please contact my office at 601-965-8700.

Notice of Claim (Johnson)
January 5, 2012

Respectfully,

SWEET & ASSOCIATES, P.A.

By: _____
Terris C. Harris, J.D., LL.M.

TCH/pw



EXHIBIT
B





**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI**

**CHARLES JOHNSON**                                              **PLAINTIFF**

**v.**                                              CIVIL ACTION NO.: 251-12-609CIV

**TYRONE LEWIS, SHERIFF, IN HIS OFFICIAL
CAPACITY (as successor to MALCOLM MCMILLIN,
SHERIFF); HINDS COUNTY, MISSISSIPPI (HINDS
COUNTY SHERIFF DEPARTMENT); AND DOE
DEFENDANTS 1-5.**

                                                           **DEFENDANTS**

---

### SUMMONS

---

THE STATE OF MISSISSIPPI

TO:     Tyrone Lewis, Sheriff
        Hinds County Sheriff's Department
        407 E. Pascagoula Street, Jackson, MS 39215

**FILED**
AUG 06 2012
BARBARA DUNN, CIRCUIT CLERK
BY _____ D.C.

### NOTICE TO DEFENDANT

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of your written response to the

Complaint to Terris C. Harris, J.D., LL.M., the attorney for the Plaintiff, whose street

address is 158 East Pascagoula Street, Jackson, Mississippi 39201. Your response to the

Complaint must be mailed or delivered within thirty (30) days from the date of delivery

of this Summons, Complaint and First Set of Discovery or a judgment by default will be

entered against you for the money or other things demanded in the complaint.

1

You are required to mail or hand-deliver a copy of your written response to the First Set of Discovery to Terris C. Harris, J.D., LL.M., the attorney for the Plaintiff, whose street address is 158 East Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed or delivered within forty five (45) days from the date of delivery of this Summons, Complaint and First Set of Discovery or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of the Court, this the _____24_____ day of _____July_____, 2012.

(Seal)

BARBARA DUNN, CIRCUIT CLERK
HINDS COUNTY, MISSISSIPPI

BY: _____ D.C.

ATTEST A TRUE COPY
JUL 24 2012
BARBARA DUNN, CIRCUIT CLERK
BY _____ D.C.

**Counsel for Plaintiffs**

Dennis C. Sweet, III, MSB# 8105
Terris C. Harris, MSB# 99433
SWEET & ASSOCIATES, P.A.
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700
Facsimile: (601) 965-8719

PROOF OF SERVICE-SUMMONS

TO:  Tyrone Lewis, Sheriff

I, the undersigned process server, served the summons and complaint upon the person or entity named above or _Diana Sims accepted_ in the manner. At the time of service I was at least 18 years of age and not a party to this action. 8/2/12

_Terrell D. Wells_
Process Server

State of Mississippi
County of Hinds

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Terrell D. Wells_ who being first by me duly sworn states on oath that the maters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_Terrell D. Wells_
Process Server

Sworn  to  and  subscribed  before  me  this  the  2nd  day  of
_August_  2012

_Phyllis Washington_
Notary Public

My Commission Expires:

12-7-2013

STATE OF MISSISSIPPI
PHYLLIS WASHINGTON
NOTARY PUBLIC
ID No. 58061
Commission Expires
December 7, 2013
HINDS COUNTY

IN THE __CIRCUIT__ COURT OF THE __FIRST__ JUDICIAL DISTRICT
OF HINDS, COUNTY, MISSISSIPPI

__JOHNSON CHARLES__                                           PLAINTIFF

VS.                                  NO. __251-12-000609-CIV__

__LEWIS TYRONE SHERIFF ET AL__                     DEFENDANT


      I, BARBARA DUNN, CIRCUIT CLERK, OF THE CIRCUIT COURT
IN AND FOR THE SAID STATE AND COUNTY DO HEREBY CERTIFY THAT
THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL THE PAPERS
FILED IN THIS OFFICE IN THE ABOVE STYLED AND NUMBERED CAUSE,
AS OF THIS DATE THE SAME IS OF RECORD IN THIS OFFICE IN DOCKET
BOOK NO. __12__ PAGE NO. ____609__ TO WIT:

      GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS THE __9TH__
DAY OF __AUGUST__, __2012__.


                              **BARBARA DUNN, CIRCUIT CLERK**
                              HINDS COUNTY, MISSISSIPPI

                              BY _____ D.C.

**EXHIBIT**

A

CCKCTF1

FILED

JUL 24 2012

BARBARA DUNN, CIRCUIT CLERK

BY_____ D.C.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI**

**CHARLES JOHNSON**                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO.:** 251-12-609CIV

**TYRONE LEWIS, SHERIFF, IN HIS OFFICIAL
CAPACITY (as successor to MALCOLM MCMILLIN,
SHERIFF); HINDS COUNTY, MISSISSIPPI (HINDS
COUNTY SHERIFF DEPARTMENT); AND DOE
DEFENDANTS 1-5.**

**DEFENDANTS**

---

## COMPLAINT

---

COMES NOW the Plaintiff, Charles Johnson, (hereinafter "Plaintiff") by and through counsel and pursuant to the laws of the State of Mississippi and the Mississippi Rules of Civil Procedure, and files this Complaint against Defendants Tyrone Lewis, Sheriff, in his official capacity (as successor to Malcom McMilliin, Sheriff); Hinds County, Mississippi (Hinds County Sheriff's Department); and Doe Defendants 1-5 (hereinafter collectively "Defendants"). In support thereof, Plaintiff would respectfully show unto this Honorable Court the following, to-wit:

### I.

### JURISDICTION AND VENUE

1.    This Honorable Court has jurisdiction and venue over the parties and this cause of action.

2.    Venue is properly established before this Court based upon Mississippi Code Annotated § 11-11-3 (1)(a)(i) (Amended 2006). Pursuant to the statute, venue is

1

proper because the present action has been instituted where at least one of the individual defendants resides and/or where the acts and omissions complained of occurred.

3.    On or about January 5, 2012, the Plaintiff, by and through their undersigned counsel, caused to be filed and delivered by certified U.S. mail to each and every Defendant a notice of claim letter regarding the act(s) and/or omission(s) set forth herein.  Miss. Code Ann. § 11-46-11 (2006).  A copy of said letter is incorporate herein by referenced and attached as "Exhibit A."

## II.

## PARTIES

4.    Plaintiff Charles Johnson is an adult resident citizen of Hinds County, Mississippi who is currently in the custody of the Mississippi Department of Corrections.

5.    Defendant Tyrone Lewis, Sheriff is an adult resident citizen of Hinds County, Mississippi and may be served with process at Hinds County Sheriff's Department at 407 E. Pascagoula Street, Jackson, MS 39215.

6.    Defendant Hinds County, Mississippi (Hinds County Sheriff's Department) is a unit of government authorized under and by virtue of the laws of the State of Mississippi.  Hinds County, Mississippi may be served with process through the Hinds County Board of Supervisors.

7.    Doe Defendants 1-5 are the other as-yet unidentified individuals who were employed by or agents of the named Defendants herein and who participated in the acts giving rise to the causes of action contained herein.  Plaintiff have investigated the identity of said individuals, but are currently unable to identify said persons without discovery.

## III.

## FACTS

8.      After being accused of crimes[1], on February 16, 2011, Mr. Johnson voluntarily surrendered himself to the Hinds County Sheriff's Department.  At that time, the Deputy "assured him of his safety."

9.      At some point, after Mr. Johnson arrived at the Hinds County Sheriff's Department and was in custody, Hinds County deputies/officers brutally beat him.

10.     While Mr. Johnson was being beaten, other Hinds County's Sheriff Department deputies/officers failed to take any action to stop the brutal beating, whatsover.

11.      Rather, the Hinds County Sheriff's Department's deputies/officers mocked Mr. Johnson by, among other things, taking photographs of him, while he was unconscious.  See, Exhibit "B."

12.     Defendants collectively owed a duty of care to the Plaintiff, to act as reasonable prudent officers of the law would have acted under the same or similar circumstances.

13.     Defendants owed a duty to keep Mr. Johnson safe, while in custody, and to prevent officers or deputies from beating him.

14.     Defendants' actions breached the duty of care to the Plaintiff, and were the sole, proximate cause of the damages sustained by the Plaintiff.

15.     As a direct and proximate result of the collective negligence and breach of duties of care of the Defendants, Plaintiff was deprived of various constitutional rights.

---

[1] Mr. Johnson was acquitted of murder and armed robbery on November 18, 2011.  However, Mr. Johnson was convicted of "felon in possession of a firearm."

## IV.

## CLAIMS FOR RELIEF

### COUNT I - NEGLIGENCE

16.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

17.     At the time and on the occasion in question, Defendants, individually, jointly, and severally, possessed a duty of ordinary care while acting as officers of the law.  Specifically, Defendants possessed the duty to keep Mr. Johnson reasonably safe, to avoid reasonable harm to Mr. Johnson, and to act as a reasonable prudent officer would have acted under the same or similar circumstances.

18.     The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of the Defendants, individually, jointly, and severally, resulted in the Plaintiff' damages.

### COUNT II - GROSS NEGLIGENCE

19.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

20.     The actions of the Defendants, individually, jointly, and severally, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.

21.     Defendants had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Plaintiff herein

4

and as such constitutes gross negligence (malice) as the term is defined under Mississippi law.  As a result, Plaintiff are entitled to the recovery of punitive damages.

22.    At the time and on the occasion in question, Doe Defendants 1-5 were individuals whose identities are currently unknown to the Plaintiff.  Upon information and belief these unknown individuals, in addition to the named Defendants, were present at the scene where the Plaintiff were injured, or were a contributing cause of the incident and the resulting damages to the Plaintiff, or were engaged and/or had been engaged in operations at the scene of the incident described herein, which otherwise caused and/or contributed to the incident.

23.    The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of the Defendants resulted in the Plaintiff's damages.

## COUNT III -

## NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

24.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

25.    At the time and on the occasion in question, Defendants were negligent in hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s), who brutally beat Plaintiff.

26.    Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, particularly regarding matters involving excessive force. Defendants breached that duty in the following respects, among others:

(a)     failing to adequately inquire into the competence, employment history and criminal background of employees, agents or servants;

(b)     failing to adequately train employees, agents or servants;

(c)     failing to properly supervise employees, agents or servants;

(d)     failing to comply with laws, rules, statutes, standards and regulations regarding searches of private residences and seizures of person, and;

(e)     other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiff's damages.

## COUNT IV - RES IPSA LOQUITUR

27.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

28.     At all pertinent times, Defendants collectively were in sole and complete control of Mr. Johnson and the personnel who has a duty to protect him.   Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and measures were in place to avoid the resulting damages.

29.     Defendants were presented with an available opportunity to avoid the resulting incident.  Defendants, however, failed to exercise such control over their personnel to prevent the Plaintiff' damages.

6

30.     The duty of care owed to the Plaintiff was therefore breached by the Defendants.

31.     The manner of damage to Plaintiff's person is the type of event that does not ordinarily occur in the absence of negligence.

32.     The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case.  The mere occurrence of this incident and the resulting injuries, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

33.     The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiff.

## COUNT V - CONSPIRACY

34.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

35.     Defendants took the above-described acts in concert and in furtherance of a conspiracy to commit the wrongs complained of herein.

36.     As a proximate result of the acts in concert by Defendants, Plaintiff has been damaged.

## COUNT VI - VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. §1983
### (General Allegations)

37.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

38.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Constitution of the United States.

39.     At all times material hereto, Defendants were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

40.     Consequently, while acting under the color of the law, Defendants commenced to implement a custom, usage of procedure wherein the rights, privileges, or immunities of Charles Johnson were violated.  Specifically, the Defendants jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and excessive force against Plaintiff, thus, causing him certain injuries.  As a direct and proximate consequence of the Defendants' actions, Plaintiff was deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

41.     More specifically, Plaintiff had the Eighth Amendment right to be free from cruel and unusual punishment violated while in the custody of Defendants through the Defendants' use of unreasonable, unnecessary and excessive force causing Plaintiff to sustain certain injuries.  Furthermore, Plaintiff's Fifth and Fourth Amendment Rights to substantive due process and equal protection of the laws were violated as a result of the Defendant's conduct.  The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, deprivation of identifiable rights, i.e, life, liberty, and/or the unnecessary and wanton infliction of pain and inhumane torture.

42.     In light of the circumstances confronted by Defendants, a deprivation of rights resulted that was sufficiently serious wherein the Defendants acted maliciously and sadistically by using force and physical violence designed and intended to cause Charles Johnson physical, mental, and emotional harm, pain, humiliation, and/or injury. Defendants' conduct evidences a deliberate indifference to the immediate, grave, and serious condition Mr. Johnson was left in.

43.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

44.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT VII - VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

45.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

46.     Defendants implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Hinds County Sheriff's Department to brutally beat Mr. Johnson.

47.     The failure of Defendants to adequately train and supervise the deputies/officers amounts to a deliberate indifference to the rights of the Plaintiff to be free from illegal beatings, excessive force, among other things, under the Constitution of the United States.

48.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights.

## COUNT VIII - VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. §1983
### (Refusing or Neglecting to Prevent)

49.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

50.     At all times relevant to this Complaint, Deputies/Officers acted as agents of the Hinds County Sheriff Department and were acting under the direction and control of the Hinds County Sheriff Malcolm McMillian and the Hinds County Sheriff Department.

51.     Acting under color of law and pursuant to official policy or custom, Defendants knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant deputies/officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Mississippi; and

(c) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

10

52.        Defendants had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

53.        Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

54.        As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth above, Plaintiff suffered physical injury and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

### COUNT IX - THE COMMON LAW TORT OF OUTRAGE

55.        Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

56.        The Defendants' overall conduct on the date in question was so outrageous that it shocks the moral and legal conscience of the community. This outrageous conduct resulted in the Plaintiff's damages.  The manner, method and design of the Defendants conduct amounted to a cold, callous, premeditated abuse of legal authority.

57.        As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and

severally liable to the Plaintiff for such outrageous conduct.  Thus, Plaintiff is entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

## COUNT X - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58.     Plaintiff re-alleges and incorporatesherein the foregoing allegations of this Complaint as if set forth herein in their entirety.

59.     The act(s) and/or omission(s) of the Defendants on the day in question caused Plaintiff severe emotional distress, by and through their negligent conduct.

60.     The brutal beating was an awful, traumatic, and disturbing event, which has caused the Plaintiff to suffer serious emotional anguish.

61.     The act(s) and/or omission(s) of the Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law, and were each a proximate cause of damages and losses sustained by the Plaintiff.

## V.

## DAMAGES

62.     Plaintiff re-alleges and incorporatesherein the foregoing allegations of this Complaint as if set forth herein in their entirety.

63.     As a result of  the act(s) and/or omission(s) of these Defendants, Plaintiff seek recovery for certain non-economic damages which occurred as a result of the Defendants' negligent act(s) and/or omission(s); including, but not limited to: pain and suffering, severe mental pain, anguish, suffering, inconvenience, worry, emotional

distress, and others, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

64.     Plaintiff reserve the right to amend and state further with respect to their damages.

## VI.

## PUNITIVE DAMAGES

65.     Plaintiff re-alleges and incorporatesherein the foregoing allegations of this Complaint as if set forth herein in their entirety.

66.     Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiff, an award of punitive damages is appropriate and necessary under these facts.

## VII.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15

67.     Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiff reserve the right to name additional Defendants should later facts establish that others are liable herein.

## VIII.

## JURY TRIAL DEMANDED

68.     Plaintiff demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants attorney's fees and the above damages, including actual, economic, non-economic, compensatory,

exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and

for such other and further relief to which they may show themselves to be justly entitled.

Dated:  July 24, 2012

Respectfully submitted,

**CHARLES JOHNSON**

By: _____
Terris C. Harris

**Of Counsel:**

Dennis C. Sweet, III, MSB # 8105
Terris C. Harris, MSB # 99433
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, MS  39201
601-965-8700 Telephone
601-965-8719 Fax



158 East Pascagoula Street

Jackson, Mississippi 39201

Phone: 601.965.8700

Fax: 601.965.8719

Dennis C. Sweet III₁

Terris C. Harris, J.D., LL. M.₂

Thomas J. Belinder₃

Dennis C. Sweet IV₄

₁Licensed in Alabama, Mississippi & Washington D.C.

₂Licensed in Illinois and Mississippi

₃Licensed in Florida, Mississippi & Washington D.C.

₄Licensed in Mississippi Only

## SWEET & ASSOCIATES
### ATTORNEYS AT LAW

January 5, 2012

**VIA CERTIFIED U.S. MAIL**
Tyrone Lewis, Sheriff
Hinds County Sheriff Department
P. O. Box 1452
407 E. Pascagoula Street
Jackson, MS 39215-1452

Robert Graham, President
Hinds County Board of Supervisors
316 South President Street
Jackson, MS 39201

Eddie Jean Carr, Clerk
Hinds County Chancery Clerk's Office
316 South President Street
Jackson, MS 3920

Re:     **Charles Johnson's Notice of Claim**

To Whom It May Concern:

### Scope of Representation

Our firm has been retained by Mr. Charles Johnson to pursue claims against the Hinds County Sheriff Department, including their employees and agents whose names are not known at this time, Hinds County, Mississippi, including their employees and agents whose names are not known at this time, as well as other persons or entities responsible for the acts and/or omissions that led to injuries sustained by Mr. Charles Johnson ("Mr. Johnson").

This letter serves as an official notice of claim against Hinds County Sheriff Department and Hinds County, Mississippi including their employees and agents whose names are not known at this time. Mr. Johnson intends to file a lawsuit in this matter pursuant to Miss. Code Ann. § 11-46-11, 42 U.S.C. §1983, any other applicable state or federal statute or constitutional provision.

www.sweetandassociates.net



Notice of Claim (Johnson)
January 5, 2012

_____

### The Time and Place the Injury Occurred

This representation arises from incidents involving the arrest of Mr. Johnson on or about February 16, 2011. Mr. Johnson's injuries occurred while he was in the custody and control of the Hinds County Sheriff's Department in Raymond, MS.

### Residence of the Person Making the Claim at the Time of the Injury

Mr. Johnson is an adult resident citizen of Clinton, Hinds County, Mississippi.

### The Circumstances Which Brought About the Injury
### The Extent of the Injury
### The Names of All Persons Known to Be Involved

After being accused of several crimes, on or about February 16, 2011, Mr. Johnson voluntarily surrendered himself to the Hinds County Sheriff's Department. After interrogation and booking, while still in the custody and control of Hinds County Sheriff's Department, Mr. Johnson was brutally beaten. And, to add insult to injury, Hinds County Sheriff Department agents and/or employees mocked Mr. Johnson by, among other things, taking photographs of him, while he was unconscious. *See,* Exhibit "A."

Mr. Johnson suffered, among other things, lacerations, bruises, swelling, pain, suffering, emotional distress, humiliation and embarrassment.

At this time, Mr. Johnson is not sure of the names of all persons involved in the beating and/or mockery. However, Mr. Johnson intends to pursue claims against each and every officer or person who participated in the beating, mockery and/or attempted cover up.

### Types of Claims Likely to Be Made
### Amount of Money Damages Sought

Mr. Johnson intends to assert the following claims, including but not limited to: (i) negligence, (ii) gross negligence, (iii) violation of civil rights, and (iv) other possible claims under federal and/or state law. Claimants seek money damages in excess of the jurisdictional amount of the Circuit Courts of the State of Mississippi or the United States District Court for the Southern District of Mississippi for any and all recoverable damages they may be entitled to by law or that the court may deem appropriate. As of the date of this notice, Mr. Johnson seeks compensatory and punitive damages in excess of jurisdictional limits, plus attorneys' fees and costs from all Defendants.

Please refer all correspondence or communication to my office relating to this claim. Should you need additional information, please contact my office at 601-965-8700.

Notice of Claim (Johnson)
January 5, 2012

Respectfully,

**SWEET & ASSOCIATES, P.A.**

By: _____
Terris C. Harris, J.D., LL.M.

TCH/pw



EXHIBIT

B







# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
# HINDS COUNTY, MISSISSIPPI

CHARLES JOHNSON                                            PLAINTIFF

v.                                            CIVIL ACTION NO.: 25H2-609CiV

TYRONE LEWIS, SHERIFF, IN HIS OFFICIAL
CAPACITY (as successor to MALCOLM MCMILLIN,
SHERIFF); HINDS COUNTY, MISSISSIPPI (HINDS
COUNTY SHERIFF DEPARTMENT); AND DOE
DEFENDANTS 1-5.

                                                           DEFENDANTS

---

## SUMMONS

---

THE STATE OF MISSISSIPPI

TO:     Tyrone Lewis, Sheriff
        Hinds County Sheriff's Department
        407 E. Pascagoula Street, Jackson, MS 39215

### NOTICE TO DEFENDANT

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of your written response to the

Complaint to Terris C. Harris, J.D., LL.M., the attorney for the Plaintiff, whose street

address is 158 East Pascagoula Street, Jackson, Mississippi 39201. Your response to the

Complaint must be mailed or delivered within thirty (30) days from the date of delivery

of this Summons, Complaint and First Set of Discovery or a judgment by default will be

entered against you for the money or other things demanded in the complaint.



RECEIVED

AUG 0 2 2012

HINDS COUNTY
SHERIFF'S OFFICE

1

EXHIBIT

B

You are required to mail or hand-deliver a copy of your written response to the First Set of Discovery to Terris C. Harris, J.D., LL.M., the attorney for the Plaintiff, whose street address is 158 East Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed or delivered within forty five (45) days from the date of delivery of this Summons, Complaint and First Set of Discovery or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of the Court, this the _____ 24 _____ day of _____ July _____, 2012.

(Seal)

BARBARA DUNN, CIRCUIT CLERK
HINDS COUNTY, MISSISSIPPI

BY: _____ D.C.

**Counsel for Plaintiffs**

Dennis C. Sweet, III, MSB# 8105
Terris C. Harris, MSB# 99433
SWEET & ASSOCIATES, P.A.
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700
Facsimile: (601) 965-8719

**FILED**

JUL 24 2012

BARBARA DUNN, CIRCUIT CLERK

BY_____ D.C.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

**CHARLES JOHNSON**                                                  **PLAINTIFF**

**v.**                                          CIVIL ACTION NO.: 251-12-609CIV

**TYRONE LEWIS, SHERIFF, IN HIS OFFICIAL CAPACITY (as successor to MALCOLM MCMILLIN, SHERIFF); HINDS COUNTY, MISSISSIPPI (HINDS COUNTY SHERIFF DEPARTMENT); AND DOE DEFENDANTS 1-5.**

**DEFENDANTS**

---

## COMPLAINT

---

COMES NOW the Plaintiff, Charles Johnson, (hereinafter "Plaintiff") by and through counsel and pursuant to the laws of the State of Mississippi and the Mississippi Rules of Civil Procedure, and files this Complaint against Defendants Tyrone Lewis, Sheriff, in his official capacity (as successor to Malcom McMilliin, Sheriff); Hinds County, Mississippi (Hinds County Sheriff's Department); and Doe Defendants 1-5 (hereinafter collectively "Defendants"). In support thereof, Plaintiff would respectfully show unto this Honorable Court the following, to-wit:

### I.

### JURISDICTION AND VENUE

1.     This Honorable Court has jurisdiction and venue over the parties and this cause of action.

2.     Venue is properly established before this Court based upon Mississippi Code Annotated § 11-11-3 (1)(a)(i) (Amended 2006). Pursuant to the statute, venue is

1

proper because the present action has been instituted where at least one of the individual defendants resides and/or where the acts and omissions complained of occurred.

3.      On or about January 5, 2012, the Plaintiff, by and through their undersigned counsel, caused to be filed and delivered by certified U.S. mail to each and every Defendant a notice of claim letter regarding the act(s) and/or omission(s) set forth herein. Miss. Code Ann. § 11-46-11 (2006). A copy of said letter is incorporate herein by referenced and attached as "Exhibit A."

## II.

## PARTIES

4.      Plaintiff Charles Johnson is an adult resident citizen of Hinds County, Mississippi who is currently in the custody of the Mississippi Department of Corrections.

5.      Defendant Tyrone Lewis, Sheriff is an adult resident citizen of Hinds County, Mississippi and may be served with process at Hinds County Sheriff's Department at 407 E. Pascagoula Street, Jackson, MS 39215.

6.      Defendant Hinds County, Mississippi (Hinds County Sheriff's Department) is a unit of government authorized under and by virtue of the laws of the State of Mississippi. Hinds County, Mississippi may be served with process through the Hinds County Board of Supervisors.

7.      Doe Defendants 1-5 are the other as-yet unidentified individuals who were employed by or agents of the named Defendants herein and who participated in the acts giving rise to the causes of action contained herein. Plaintiff have investigated the identity of said individuals, but are currently unable to identify said persons without discovery.

2

## III.

## <u>FACTS</u>

8.      After being accused of crimes[1], on February 16, 2011, Mr. Johnson voluntarily surrendered himself to the Hinds County Sheriff's Department.  At that time, the Deputy "assured him of his safety."

9.      At some point, after Mr. Johnson arrived at the Hinds County Sheriff's Department and was in custody, Hinds County deputies/officers brutally beat him.

10.     While Mr. Johnson was being beaten, other Hinds County's Sheriff Department deputies/officers failed to take any action to stop the brutal beating, whatsover.

11.     Rather, the Hinds County Sheriff's Department's deputies/officers mocked Mr. Johnson by, among other things, taking photographs of him, while he was unconscious.  See, Exhibit "B."

12.     Defendants collectively owed a duty of care to the Plaintiff, to act as reasonable prudent officers of the law would have acted under the same or similar circumstances.

13.     Defendants owed a duty to keep Mr. Johnson safe, while in custody, and to prevent officers or deputies from beating him.

14.     Defendants' actions breached the duty of care to the Plaintiff, and were the sole, proximate cause of the damages sustained by the Plaintiff.

15.     As a direct and proximate result of the collective negligence and breach of duties of care of the Defendants, Plaintiff was deprived of various constitutional rights.

---

[1] Mr. Johnson was acquitted of murder and armed robbery on November 18, 2011.  However, Mr. Johnson was convicted of "felon in possession of a firearm."

3

## IV.

## CLAIMS FOR RELIEF

## <u>COUNT I - NEGLIGENCE</u>

16.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

17.     At the time and on the occasion in question, Defendants, individually, jointly, and severally, possessed a duty of ordinary care while acting as officers of the law.  Specifically, Defendants possessed the duty to keep Mr. Johnson reasonably safe, to avoid reasonable harm to Mr. Johnson, and to act as a reasonable prudent officer would have acted under the same or similar circumstances.

18.     The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of the Defendants, individually, jointly, and severally, resulted in the Plaintiff' damages.

## <u>COUNT II - GROSS NEGLIGENCE</u>

19.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

20.     The actions of the Defendants, individually, jointly, and severally, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.

21.     Defendants had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Plaintiff herein

4

and as such constitutes gross negligence (malice) as the term is defined under Mississippi law.  As a result, Plaintiff are entitled to the recovery of punitive damages.

22.   At the time and on the occasion in question, Doe Defendants 1-5 were individuals whose identities are currently unknown to the Plaintiff.  Upon information and belief these unknown individuals, in addition to the named Defendants, were present at the scene where the Plaintiff were injured, or were a contributing cause of the incident and the resulting damages to the Plaintiff, or were engaged and/or had been engaged in operations at the scene of the incident described herein, which otherwise caused and/or contributed to the incident.

23.   The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of the Defendants resulted in the Plaintiff's damages.

<u>**COUNT III -**</u>

<u>**NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL**</u>

24.   Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

25.   At the time and on the occasion in question, Defendants were negligent in hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s), who brutally beat Plaintiff.

26.   Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, particularly regarding matters involving excessive force. Defendants breached that duty in the following respects, among others:

(a)     failing to adequately inquire into the competence, employment history and criminal background of employees, agents or servants;

(b)     failing to adequately train employees, agents or servants;

(c)     failing to properly supervise employees, agents or servants;

(d)     failing to comply with laws, rules, statutes, standards and regulations regarding searches of private residences and seizures of person, and;

(e)     other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiff's damages.

## COUNT IV - RES IPSA LOQUITUR

27.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

28.     At all pertinent times, Defendants collectively were in sole and complete control of Mr. Johnson and the personnel who has a duty to protect him.   Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and measures were in place to avoid the resulting damages.

29.     Defendants were presented with an available opportunity to avoid the resulting incident.   Defendants, however, failed to exercise such control over their personnel to prevent the Plaintiff' damages.

30.    The duty of care owed to the Plaintiff was therefore breached by the Defendants.

31.    The manner of damage to Plaintiff's person is the type of event that does not ordinarily occur in the absence of negligence.

32.    The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case.  The mere occurrence of this incident and the resulting injuries, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

33.    The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiff.

## COUNT V - CONSPIRACY

34.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

35.    Defendants took the above-described acts in concert and in furtherance of a conspiracy to commit the wrongs complained of herein.

36.    As a proximate result of the acts in concert by Defendants, Plaintiff has been damaged.

## COUNT VI - VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
### (General Allegations)

37.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

38.    In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Constitution of the United States.

39.    At all times material hereto, Defendants were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

40.    Consequently, while acting under the color of the law; Defendants commenced to implement a custom, usage of procedure wherein the rights, privileges, or immunities of Charles Johnson were violated.  Specifically, the Defendants jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and excessive force against Plaintiff, thus, causing him certain injuries.  As a direct and proximate consequence of the Defendants' actions, Plaintiff was deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

41.    More specifically, Plaintiff had the Eighth Amendment right to be free from cruel and unusual punishment violated while in the custody of Defendants through the Defendants' use of unreasonable, unnecessary and excessive force causing Plaintiff to sustain certain injuries.  Furthermore, Plaintiff's Fifth and Fourth Amendment Rights to substantive due process and equal protection of the laws were violated as a result of the Defendant's conduct.  The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, deprivation of identifiable rights, i.e, life, liberty, and/or the unnecessary and wanton infliction of pain and inhumane torture.

8

42.     In light of the circumstances confronted by Defendants, a deprivation of rights resulted that was sufficiently serious wherein the Defendants acted maliciously and sadistically by using force and physical violence designed and intended to cause Charles Johnson physical, mental, and emotional harm, pain, humiliation, and/or injury. Defendants' conduct evidences a deliberate indifference to the immediate, grave, and serious condition Mr. Johnson was left in.

43.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

44.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT VII - VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

45.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

46.     Defendants implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Hinds County Sheriff's Department to brutally beat Mr. Johnson.

47.     The failure of Defendants to adequately train and supervise the deputies/officers amounts to a deliberate indifference to the rights of the Plaintiff to be free from illegal beatings, excessive force, among other things, under the Constitution of the United States.

9

48.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights.

## COUNT VIII - VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
### (Refusing or Neglecting to Prevent)

49.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

50.     At all times relevant to this Complaint, Deputies/Officers acted as agents of the Hinds County Sheriff Department and were acting under the direction and control of the Hinds County Sheriff Malcolm McMillian and the Hinds County Sheriff Department.

51.     Acting under color of law and pursuant to official policy or custom, Defendants knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant deputies/officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Mississippi; and

(c) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

52.          Defendants had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

53.          Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

54.          As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth above, Plaintiff suffered physical injury and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

## COUNT IX - THE COMMON LAW TORT OF OUTRAGE

55.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

56.     The Defendants' overall conduct on the date in question was so outrageous that it shocks the moral and legal conscience of the community. This outrageous conduct resulted in the Plaintiff's damages. The manner, method and design of the Defendants conduct amounted to a cold, callous, premeditated abuse of legal authority.

57.     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and

severally liable to the Plaintiff for such outrageous conduct. Thus, Plaintiff is entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

## COUNT X - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58.   Plaintiff re-alleges and incorporatesherein the foregoing allegations of this Complaint as if set forth herein in their entirety.

59.   The act(s) and/or omission(s) of the Defendants on the day in question caused Plaintiff severe emotional distress, by and through their negligent conduct.

60.   The brutal beating was an awful, traumatic, and disturbing event, which has caused the Plaintiff to suffer serious emotional anguish.

61.   The act(s) and/or omission(s) of the Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law, and were each a proximate cause of damages and losses sustained by the Plaintiff.

## V.

## DAMAGES

62.   Plaintiff re-alleges and incorporatesherein the foregoing allegations of this Complaint as if set forth herein in their entirety.

63.   As a result of the act(s) and/or omission(s) of these Defendants, Plaintiff seek recovery for certain non-economic damages which occurred as a result of the Defendants' negligent act(s) and/or omission(s); including, but not limited to: pain and suffering, severe mental pain, anguish, suffering, inconvenience, worry, emotional

distress, and others, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

64.     Plaintiff reserve the right to amend and state further with respect to their damages.

## VI.

## PUNITIVE DAMAGES

65.     Plaintiff re-alleges and incorporatesherein the foregoing allegations of this Complaint as if set forth herein in their entirety.

66.     Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiff, an award of punitive damages is appropriate and necessary under these facts.

## VII.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15

67.     Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiff reserve the right to name additional Defendants should later facts establish that others are liable herein.

## VIII.

## JURY TRIAL DEMANDED

68.     Plaintiff demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants attorney's fees and the above damages, including actual, economic, non-economic, compensatory,

exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and

for such other and further relief to which they may show themselves to be justly entitled.

Dated:  July 24, 2012

Respectfully submitted,

**CHARLES JOHNSON**

By: _Terris C. Harris_

**Of Counsel:**

Dennis C. Sweet, III, MSB # 8105
Terris C. Harris, MSB # 99433
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, MS  39201
601-965-8700 Telephone
601-965-8719 Fax

14



158 East Pascagoula Street

Jackson, Mississippi 39201

Phone: 601.965.8700

Fax: 601.965.8719

**SWEET & ASSOCIATES**
ATTORNEYS AT LAW

Dennis C. Sweet III₁

Terris C. Harris, J.D., LL. M.₂

Thomas J. Belinder₃

Dennis C. Sweet IV₄

₁Licensed in Alabama, Mississippi & Washington D.C.

₂Licensed in Illinois and Mississippi

₃Licensed in Florida, Mississippi & Washington D.C.

₄Licensed in Mississippi Only

January 5, 2012

**VIA CERTIFIED U.S. MAIL**
Tyrone Lewis, Sheriff
Hinds County Sheriff Department
P. O. Box 1452
407 E. Pascagoula Street
Jackson, MS 39215-1452

Robert Graham, President
Hinds County Board of Supervisors
316 South President Street
Jackson, MS 39201

Eddie Jean Carr, Clerk
Hinds County Chancery Clerk's Office
316 South President Street
Jackson, MS 3920

     Re:    **Charles Johnson's Notice of Claim**

To Whom It May Concern:

    Scope of Representation

       Our firm has been retained by Mr. Charles Johnson to pursue claims against the Hinds County Sheriff Department, including their employees and agents whose names are not known at this time, Hinds County, Mississippi, including their employees and agents whose names are not known at this time, as well as other persons or entities responsible for the acts and/or omissions that led to injuries sustained by Mr. Charles Johnson ("Mr. Johnson").

       This letter serves as an official notice of claim against Hinds County Sheriff Department and Hinds County, Mississippi including their employees and agents whose names are not known at this time. Mr. Johnson intends to file a lawsuit in this matter pursuant to Miss. Code Ann. § 11-46-11, 42 U.S.C. §1983, any other applicable state or federal statute or constitutional provision.



EXHIBIT
A

Notice of Claim (Johnson)
January 5, 2012

---

### The Time and Place the Injury Occurred

This representation arises from incidents involving the arrest of Mr. Johnson on or about February 16, 2011. Mr. Johnson's injuries occurred while he was in the custody and control of the Hinds County Sheriff's Department in Raymond, MS.

### Residence of the Person Making the Claim at the Time of the Injury

Mr. Johnson is an adult resident citizen of Clinton, Hinds County, Mississippi.

### The Circumstances Which Brought About the Injury
### The Extent of the Injury
### The Names of All Persons Known to Be Involved

After being accused of several crimes, on or about February 16, 2011, Mr. Johnson voluntarily surrendered himself to the Hinds County Sheriff's Department. After interrogation and booking, while still in the custody and control of Hinds County Sheriff's Department, Mr. Johnson was brutally beaten. And, to add insult to injury, Hinds County Sheriff Department agents and/or employees mocked Mr. Johnson by, among other things, taking photographs of him, while he was unconscious. *See,* Exhibit "A."

Mr. Johnson suffered, among other things, lacerations, bruises, swelling, pain, suffering, emotional distress, humiliation and embarrassment.

At this time, Mr. Johnson is not sure of the names of all persons involved in the beating and/or mockery. However, Mr. Johnson intends to pursue claims against each and every officer or person who participated in the beating, mockery and/or attempted cover up.

### Types of Claims Likely to Be Made
### Amount of Money Damages Sought

Mr. Johnson intends to assert the following claims, including but not limited to: (i) negligence, (ii) gross negligence, (iii) violation of civil rights, and (iv) other possible claims under federal and/or state law. Claimants seek money damages in excess of the jurisdictional amount of the Circuit Courts of the State of Mississippi or the United States District Court for the Southern District of Mississippi for any and all recoverable damages they may be entitled to by law or that the court may deem appropriate. As of the date of this notice, Mr. Johnson seeks compensatory and punitive damages in excess of jurisdictional limits, plus attorneys' fees and costs from all Defendants.

Please refer all correspondence or communication to my office relating to this claim. Should you need additional information, please contact my office at 601-965-8700.

Notice of Claim (Johnson)
January 5, 2012
_____

Respectfully,

SWEET & ASSOCIATES, P.A.

By: _____
Terris C. Harris, J.D., LL.M.

TCH/pw







